*Formatted for Electronic Distribution*                                            *Not for Publication*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
August 30, 2011

_____

**In re:**
    **Robert D. Mace and**
    **Barbara A. Mace,**                                   **Chapter 7**
          **Debtors.**                                          **Case # 11-10391**
_____

## ORDER
### DENYING DEBTORS' MOTION FOR a FINDING OF CONTEMPT AND IMPOSITION OF SANCTIONS

      On April 28, 2011, Robert D. Mace and Barbara A. Mace (the "Debtors") filed a joint petition (doc. # 1) for relief under chapter 7 of the Bankruptcy Code. On May 10, 2011, the Debtors filed a motion for contempt and sanctions based upon a creditor's alleged violation of the automatic stay (doc. # 6) (the "Motion"). The Motion sought relief for actions taken with respect to billing by DirecTV, a creditor in the Debtors' bankruptcy case (see doc. # 1, Sch. F). On July 26, 2011, the Court held a hearing on the Motion at which the Debtors appeared and Mrs. Mace testified. DirecTV did not appear.

      The Motion and Mrs. Mace's very credible testimony at the hearing established the following relevant facts: Mrs. Mace paid her DirecTV through automatic debit. On March 26, 2011, Mrs. Mace cancelled her DirecTV contract and was charged an early cancellation fee (doc. # 6). On March 30, 2011, DirecTV sent a billing statement showing a total amount due of $402.04 (Ds' Ex. A). On April 28, 2011, the Debtors filed a petition for relief under chapter 7 of the Bankruptcy Code (doc. # 1). On April 30, 2011, the Bankruptcy Noticing Center ("BNC") sent notice of the Debtors' case by first class mail addressed to DirecTV at PO Box 11732, Newark, NJ 07101-4732, the address the Debtors listed in their Schedule F and DirecTV set forth on its billing statements. (doc. # 5, Ds' Sch. F and Ds' Exs. A-C). On May 5, 2011, DirecTV debited Mrs. Mace's bank account in the amount of $402.04 (Ds' Ex. B). On May 6, 2011, Mrs. Mace disputed the charge and went to her bank where she signed an affidavit averring that she did not authorize DirecTV to remove the money from her account. On May 27, 2011, DirecTV sent a billing statement showing that the most recent payment had been rejected, that the debit account payment had been reversed, and the current balance due was $402.04 (Ds' Ex. C). The May 27, 2011 billing statement included the following statement: "This out-of-cycle bill notice is to tell you that your recent payment was rejected and returned to us." (Ds' Ex. C).

Mrs. Mace testified that because the money was removed from her bank account on May 6th, she was unable to pay her first of the month bills. However, she later testified she in fact she was able to pay her bills using some income her husband received in early May. The Debtor gave no testimony as to whether she incurred any late charges due to the DirecTV debit or her bank account in May.

The automatic stay arises by virtue of 11 U.S.C. § 362(a) and "stays the commencement or continuation of virtually all proceedings against a debtor that were or could have been commenced before the debtor filed for bankruptcy." Sensenich v. Ledyard Nat'l Bank (In re Campbell), 398 B.R. 799, 808 (Bankr. D. Vt. 2008). Included in the actions stayed is "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under [the Code]." 11 U.S.C. § 362(a)(6). "The automatic stay is effective at the moment the petition is filed and defendant's knowledge is immaterial to a determination of whether the stay was violated." Siskin v. Complete Aircraft Servs., (In re Siskin), 231 B.R. 514, 517 (Bankr. E.D.N.Y. 1999) (citations omitted).

In order to protect debtors, § 362 provides a remedy for stay violations. It states that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). The Second Circuit Court of Appeals set forth the applicable standard for determining whether a violation of § 362's automatic stay has occurred in Crysen/Montenay Energy Co. v. Esselen Assoc., Inc. (In re Crysen/Montenay Energy Co.), 902 F.2d 1098, 1105 (2d Cir. 1990):

> [A]ny deliberate act taken in violation of a stay, which the violator knows to be in existence, justifies an award of actual damages. An additional finding of maliciousness or bad faith on the part of the offending creditor warrants the further imposition of punitive damages pursuant to 11 U.S.C. § 362(h) [now § 362(k)]. This standard encourages would-be violators to obtain declaratory judgments before seeking to vindicate their interests in violation of the automatic stay, and thereby protects the debtors' estates from incurring potentially unnecessary legal expenses in prosecuting stay violations.

Id. Therefore, "[s]ection 362(k) does not impose damages for any violation of the automatic stay, but only those that are within its statutory definition, i.e., "deliberate" actions that are "willful." Malicki v. Bernstein (In re Bernstein), 447 B.R. 684, 704 (Bankr. D. Conn. 2011). "Knowledge of the filing of the petition does . . . affect the determination of whether an alleged violation of the automatic stay was willful." Siskin, 231 B.R. at 517 (citations omitted). "A creditor acts willfully if it (1) has knowledge of the [bankruptcy] petition, and (2) the act which violates the stay was intentional." Campbell, 398 B.R. at 811 (quoting In re Sullivan, 367 B.R. 54, 62 (Bankr. N.D.N.Y. 2007). The party seeking damages for a violation of the automatic stay bears the burden of proof. Bernstein, 447 B.R. at 704.

In order to determine whether DirecTV acted in violation of the automatic stay, the Court must first determine whether the Debtors have established that DirecTV had knowledge of the bankruptcy petition at the time they debited the Debtors' account post-petition. Campbell, 447 B.R. at 811–12. The Debtors filed their petition, and hence the stay went into effect, on April 28, 2011. One week later, on May 5, 2011, DirecTV debited Mrs. Mace's bank account. The record reflects that BNC sent a notice to DirecTV's billing address on April 30, just five days prior to the date DirecTV debited the payment from Mrs. Mace's bank. This time period is too short for the Court to conclude that DirecTV had received the notice prior to taking action against the Debtors' assets, without proof from the Debtors. The Debtors presented no proof as to whether DirecTV had knowledge of the bankruptcy case filing when it initiated the debit against Mrs. Mace's bank account. The Court therefore finds the Debtors failed to meet their burden of proof on the element of creditor knowledge. Since they did not establish both prongs of the Sullivan test, the Debtors are not eligible for relief under § 362(k). [1]

The Debtors' Motion includes a request for punitive damages in the amount of $100 per day that DirecTV held the Debtors' funds in violation of the automatic stay. Generally, a finding of actual damages is a prerequisite for the imposition of punitive damages. Bernstein, 447 B.R. at 705. In the absence of an award of actual damages, punitive damages should only be imposed for "an arrogant defiance of federal law." Id. Punitive damages are not warranted in this case on either of these grounds. First, the Court determined that the Debtors did not establish that they suffered any actual injury. Second, the Debtors did not allege or prove that DirecTV's actions rose to the level of an arrogant defiance of federal law. DirecTV automatic debit from the Debtor's bank account occurred after the Debtors' filing, but the money was later returned.

For the reasons set forth above, IT IS HEREBY ORDERED that the Debtors' Motion for a finding of contempt and the imposition of sanctions against creditor DirecTV, based upon that creditor's post-petition conduct, is denied.

_____
August 30, 2011  Colleen A. Brown
Burlington, Vermont  United States Bankruptcy Judge

---

[1] Even if the Court were inclined to characterize the lack of access to funds for three weeks as an injury for purposes of § 362(k), it would be compelled to identify it as de minimis injury. In that event, the Debtors' remedy would be limited to an award of actual attorneys' fees incurred. Bernstein, 447 B.R. at 704. However, the Court need not address that issue because on August 10, 2011, the Debtors' attorney filed a Notice of Waiver of Attorneys Fees (doc. # 19) indicating that "counsel will not be seeking fees in this matter, so no supplement will be filed."